IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL VAN WINKLE,

      Plaintiff,

v.                                                                         No. 1:23-cv-969 DHU/KRS

FANTON LOGISTICS, INC.,
CHEROKEE INSURANCE COMPANY, and
LASHA KVERNADZE,

      Defendants.

**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court *sua sponte*. Plaintiff initiated this action in State Court on July 25, 2023, and Defendant Fanton Logistics, Inc., removed the case to this Court on November 3, 2023. (Doc. 1). Defendants Fanton Logistics, Inc. and Cherokee Insurance Company have filed answers to Plaintiff's Complaint, and the Court entered a Stipulated Order bifurcating and staying Plaintiff's claims against Defendant Cherokee Insurance Company until after resolution of the personal injury claims. (Docs. 3, 14, 21). The docket does not reflect that Defendant Kvernadze has been served, and no answer or other responsive pleading has been filed by Defendant Kvernadze. *See* (Doc. 10) (Affidavit of Non-Service on Defendant Kvernadze). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff is required to serve all Defendants within ninety days of filing the complaint. In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward."). More than ninety days have passed since Plaintiff took any step to move this case forward as to Defendant Kvernadze.

**IT IS THEREFORE ORDERED** that **on or before March 11, 2024**, Plaintiff must provide the Court with a written explanation showing good cause why this case should not be dismissed as to Defendant Kvernadze for failure to prosecute.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE