IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL VAN WINKLE,

    Plaintiff,

vs.                                                                 Case No. 1:23-cv-00969-DHU-KRS

FANTON LOGISTICS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This is a personal injury matter arising from an automobile accident. Defendant Fanton Logistics, Inc.'s Motion to Dismiss for Failure to State a Claim and Supporting Memorandum Brief is now before the Court. Doc. 46. After carefully considering Defendants' motion, the attendant briefs, and being fully advised of the premises, the Court concludes that the Motion will be **DENIED**.

**I. BACKGROUND**

    On July 25, 2023, Plaintiff filed his Complaint for Damages and Declaratory Judgment in the Seventh Judicial District Court, County of Torrance, State of New Mexico. Doc. 1-1. Defendant removed this matter on November 3, 2023, under the doctrine of diversity jurisdiction. Doc. 1. On March 14, 2024, Plaintiff filed his first Amended Complaint for Damages. Doc. 29. On May 10, 2024, Plaintiff filed his Motion for Leave to File Second Amended Complaint, seeking to add additional claims against Defendant. Doc. 42. On May 31, 2024, Plaintiff filed his Second Amended Complaint ("Complaint"), Doc. 48, in which he alleged the following: on August 9, 2020, a driver for Defendant Fanton was driving an "18-wheeler" on westbound Interstate 40.

Doc. 45 at 1.  Defendant's driver rear-ended Plaintiff's truck and trailer, causing injuries and destroying his vehicle.  *Id.* at 2.

Defendant moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's claims of negligent hiring, training, supervision, and monitoring, and gross negligence against Defendant.  Doc. 46 at 1.  Defendant argues that these claims should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted and the Complaint does not comply with the federal pleading standard, as set forth in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Doc. 46 at 1.  Specifically, Defendant argues that Plaintiff's claims "rely on the type of conclusory and formulaic recitations rejected by the United States Supreme Court" in *Iqbal*, Doc. 46 at 4, and the claims "lack the requisite supporting factual allegations and the required levels of specificity." *Id.* at 5.  Defendant also argues that Plaintiff has failed to state a claim for gross negligence because "he has alleged no facts indicating that Defendant acted with conscious indifference to any alleged harmful consequences."  *Id.* at 8.

In response, Plaintiff requests Defendant's Motion be denied because his claims are more than "mere recitations of the elements of the claims; they are specific actions that Fanton is alleged to have taken which led to the subject incident."  Doc. 48 at 3.  Plaintiff argues he has alleged a plausible claim for relief under a theory of negligent hiring, negligent training, and negligent supervision because his complaint describes "multiple different ways that Fanton failed to fulfill its duty in these areas."  *Id.* at 5.  Plaintiff also argues that his complaint "contains factual allegations that more than suffice to make a claim of gross negligence as they allege the extreme degree of risk and Fanton's awareness and indifference to Plaintiffs' safety."  *Id.* at 6.  Although

2

Plaintiff argues his Complaint is sufficient, he asks for leave to amend his Complaint should the Court decides it is not sufficient. *Id.* at 9.

## II. LEGAL STANDARD

Rule 12(b)(6) allows for the dismissal of a complaint where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a "sheer possibility." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citation omitted). In considering dismissal under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir.2005)). A complaint will survive a Rule 12(b)(6) motion if it "contains 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly,* 550 U.S. at 570).

## III. DISCUSSION

### A. Plaintiff has stated claims for negligent hiring, negligent training, and negligent supervision.

Assuming the truth of Plaintiff's well-plead factual allegations and viewing the allegations in the light most favorable to Plaintiff, the Court finds that the Complaint contains enough facts to state claims for negligent hiring, negligent training, and negligent supervision that are plausible on their face. Plaintiff's Complaint contains multiple allegations of the ways Defendant is liable under these theories.

First, Plaintiff's Complaint lists seven ways that Defendant was negligent in hiring the driver alleged to have caused the subject incident, including that Defendant failed to sufficiently investigate the driver's training, prior employment, criminal record, and past; and that Defendant failed to perform the required screening, testing, and physical of the driver. *See* Doc. 45 at 3. Similarly, the Complaint includes six ways Defendant was negligent in training its driver, including that Defendant failed to explain and demonstrate its safety policies and procedures to the driver; and failed to provide the necessary training to the driver regarding driving the vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations. *Id.* at 4. Finally, the Complaint describes six ways that Defendant was negligent in its supervision of the driver involved in the alleged incident, including that Defendant failed to monitor the driver to ensure he was complying with policies and procedures; and failed to interview and test the driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures. *Id.*

Accepting all of these allegations as true, the Complaint contains enough facts to state claims to relief for each of these negligence theories that are plausible on their face. At the pleading stage, a defendant is entitled only to "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted). Additionally, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *See id.* The Complaint here gives Defendant fair notice of what the negligence claims are and the grounds upon which they rest. Therefore, Defendant's Motion to dismiss Plaintiff's claims for negligent hiring, negligent training, and negligent supervision is denied.

### B. Plaintiff has stated a claim for gross negligence.

Assuming the truth of Plaintiff's well-plead factual allegations and viewing the allegations in the light most favorable to Plaintiff, the Court finds that the Complaint contains enough facts to state a claim for gross negligence. Gross negligence is "[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty or property of another [which] may result in such a gross want of care for the rights of others and the public that a finding of a willful, wanton, deliberate act is justified." *Palace Expl. Co. v. Petroleum Dev. Co.*, 374 F.3d 951, 954 (10th Cir. 2004). Under New Mexico law, gross negligence requires allegations of the elements of negligence and that the defendant committed

"an act or omission…with conscious indifference to harmful consequence" and failed "to exercise even slight care." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1251 (10th Cir. 2000). A claim of gross negligence must include allegations that a defendant's actions were malicious, reckless, wanton, oppressive or fraudulent. *See* New Mexico Uniform Jury Instructions 13-861.

Here, though this is a closer question than that of the validity of the negligence claims described above, the Court finds the Complaint states a claim for gross negligence. In addition to the allegations of negligence, Doc. 45 at 2, the Complaint alleges that, the driver of the 18-wheeler, "without warning or reason, [ ] slammed into the back of Plaintiff's truck and trailer." *Id.* This claim is not "so general that [it] encompass[es] a wide swath of conduct, much of it innocent," which would be insufficient under *Twombly*. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247, (10th Cir. 2008). These allegations are enough that, when assumed to be true, Plaintiff plausibly has stated a claim for gross negligence because Defendant's driver committed an act or omission with conscious indifference to the harmful consequences to Plaintiff. Defendant's request to dismiss the gross negligence claim is denied.

## IV. CONCLUSION

For the reasons explained here, it is therefore **ORDERED** that Defendant Fanton Logistics, Inc.'s Motion to Dismiss for Failure to State a Claim and Supporting Memorandum Brief (Doc. 46) is **DENIED**.

IT IS SO ORDERED.

DAVID HERRERA URIAS
United States District Judge